IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JIMMY BRIGHAM | § | |
| VS. | § | CIVIL ACTION NO. 9:14-CV-120 |
| AARON ANDERSON, *et al*, | § § | |

MEMORANDUM OPINION AND ORDER

Pending before the Court is the parties Joint Motion for Extension of Time to Submit Joint Pretrial Order (docket entry no. 36), Defendants' Motion in Limine (docket entry no. 38), Plaintiff's First Motion for Leave to File Inmate Witness List or Continuance (docket entry no. 40), Plaintiff's Amended Motion for Leave to File Inmate Witness or Continuance (docket entry no. 42), Defendants' Response (docket entry no. 43), and Plaintiff's Reply (docket entry no. 44).

*Procedural Background*

This Court's Amended Scheduling Order filed April 14, 2016, required both parties to identify any inmate witnesses and their inmate numbers on or before July 6, 2016 (docket entry no. 35). In addition, the Amended Scheduling Order required the parties to submit a joint pretrial order (including motions in limine, proposed jury instructions and charges, and a suggested verdict form) on or before August 5, 2016, and to file any objections to proposed exhibits and witnesses, and any responses to motions in limine on or before August 19, 2016.

On August 5, 2016, the parties filed a Joint Motion for Extension of Time to submit the joint pretrial order. Due to scheduling conflicts, work travel and changes in lead counsel, the parties sought additional time to confer over the documents and file a joint pre-trial order as required. Defendants alone, however, filed a Proposed Pretrial Order on August 12, 2016, in addition to defendants' motion in limine. The Certificate of Conference in Defendants' Proposed Pretrial Order states that counsel for the defendants attempted to contact plaintiff's counsel by telephone but was unable to reach him in order to confer on the pretrial order and exhibits.

Plaintiff then filed a First Motion for Leave to File Inmate Witnesses or Continuance on August 21, 2016 (docket entry no. 40). Plaintiff Amended this motion on August 22, 2016 (docket entry no. 42). In this Motion, plaintiff concedes he was derelict in his duty to timely file plaintiff's inmate witness list but seeks leave to submit his inmate witness list late or, in the alternative, requests a continuance. Plaintiff lists eleven inmate witnesses with TDCJ numbers but provides no summary of their proposed testimony. Plaintiff did include exhibits which reference the inmate witnesses' potential testimony.

Defendants responded to Plaintiff's Amended Motion for Leave or Continuance, asking this Court to exclude the testimony of these potential witnesses and/or strike plaintiff's pleadings (docket entry no. 43). Defendants argue the late designation will prejudice the defendants and constitute unfair surprise. Specifically, defendants argue they are unable to depose the proposed witnesses or conduct further discovery to ascertain their testimony. Defendants also complain of plaintiff's failure to comply with this Court's Amended Scheduling order in failing to file a joint pretrial order, a motion in limine, proposed jury instructions and charges, a suggested verdict form and a list of exhibits. Finally, defendants object to the eleven inmate witnesses' testimony as not relevant or duplicative and asks that a continuance, if considered, be denied.

Plaintiff responds that he has not filed a separate exhibit list "because the Defendants' exhibit list is complete." Plaintiff states he has no objection to the jury instructions and charges submitted by the defendants or their verdict form. Plaintiff states further his only objection to the Defendants' motion in limine is that "the phrasing sounds like a motion to exclude rather than a request that counsel approach before going into the listed topics." Plaintiff states explicitly he does not have a separate motion in limine nor any objections to the defendants' list of witnesses or exhibits. Finally, plaintiff states that all the evidence in this case was exchanged with the initial disclosures, which contained a list of all of the inmate witnesses, and defendants cannot argue surprise or prejudice by the amended witness list. Plaintiff finally states he is ready for trial as long as the Court can arrange for the transportation of the inmate witnesses for trial.

*Analysis*

Although plaintiff's lack of diligence in timely and fully following this Court's orders is apparent from the record in this cause, this Court will grant Plaintiff's Amended Motion for Leave to File Inmate Witnesses (docket entry no. 42). Plaintiff states he is ready for trial and the Court concurs that the defendants cannot genuinely argue prejudice or surprise if this witnesses were in fact disclosed in the parties' initial disclosures. Defendants appear to have had ample time to depose and conduct discovery with respect to these witnesses as warranted. It appears from the motions outlined above, plaintiff intends to use the defendants exhibits in the prosecution of his case. Plaintiff states unequivocally he has no objections to defendants list of exhibits and witnesses and no objections to defendants proposed jury instructions, charges and verdict form.

Although not required of the Court, the Court made an independent review of plaintiff's attached exhibits to determine the relevance and cumulative nature of the proposed witnesses testimony. The Court also searched the inmate locator website provided by the Texas Department of Criminal Justice. In making this review, the Court has determined that several of the witnesses cannot be located, their testimony is irrelevant and/or cumulative. In addition to plaintiff himself, plaintiff will be limited to the following three witnesses in the prosecution of his case: (1) Johnny Saunders (#01507220), (2) Byron Mayfield (#00297319) and (3) Clarence DeWayne Jackson (01291566). The Court will enter the necessary orders to ensure these witnesses attendance at trial. It is, therefore,

**ORDERED** that the parties Joint Motion for Extension to Submit Joint Pretrial Order is **DENIED** as **MOOT** (docket entry no. 36). It is, further, **ORDERED** that Plaintiff's Motions for Leave to File Inmate Witness List (docket entry nos. 40 & 42) are **GRANTED**. Defendants' Motion in Limine will be taken up at trial. It is noted that any objections, however, filed by plaintiff are untimely and will not be considered. Plaintiff is admonished that no objections will be considered

at trial regarding defendants motion in limine, defendants' list of exhibits or witnesses, defendants' proposed jury instruction, charge and verdict form. Any further motions filed by plaintiff will not be considered by this Court as they are untimely.

**SIGNED** this 23rd day of August, 2016.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE